# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles S. Voeltzel, individually and on behalf of a class of similarly situated persons<br><br>Plaintiff,<br><br>v.<br><br>Hudson & Keyse, LLC and Apple & Apple, P.C.<br><br>Defendants. | )<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

1.  Plaintiff Charles S. Voeltzel ("Voeltzel") on behalf of himself and all other similarly situated Pennsylvania residents, brings this action for damages against Hudson & Keyse, LLC and Apple & Apple, P.C. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices. In violation of the FDCPA, the Defendants used false, deceptive or misleading means in connection with the collection of debts by utilizing a method for assessing attorneys' fees against Plaintiff that isn't authorized by contract or law. Specifically, it is alleged that Defendants assess attorneys' fees based upon 30% of the outstanding principal and interest purportedly owed, rather than the attorney time spent on the collection efforts as required by the credit card agreement. Plaintiff requests that the practices of Defendants described below be declared to violate the FDCPA and that he and class members be awarded actual and statutory damages payable by Defendants.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendants transact business here.

## PARTIES

4. Plaintiff Voeltzel is a natural person residing in Allegheny County, Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Hudson & Keyse is a Delaware limited liability company having offices at 382 Blackbrook Road, Painesville, OH and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Apple & Apple, P.C. is a Pennsylvania professional corporation having offices at 4650 Baum Boulevard, Pittsburgh, PA 15213 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Hudson & Keyse retained Apple & Apple, P.C. to collect an alleged debt from Voeltzel and others persons in Pennsylvania who allegedly owe money pursuant to a credit card agreement purportedly entered into with Chase Manhattan Bank USA, N.A. ("Chase").

8. Debt collectors who employ attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's misconduct. Hudson & Keyse, therefore, is liable for the conduct of Apple & Apple, P.C. that violates the FDCPA

## FACTUAL ALLEGATIONS

### Defendants Attempt To Collect Unauthorized Attorney's Fees

9. Numerous residents of the Commonwealth of Pennsylvania allegedly entered into standard form credit card agreement with Chase. See Ex. 1 attached and incorporated.

10. Under the terms of this Agreement, Chase and its assignees are bound by the standard form contractual provisions.

11. In pertinent part, Chase's standard form Agreement provided:

> **6. DEFAULT/COLLECTION**
>
> To the extent permitted by law, if you are in default because you have failed to pay us, you will pay our collection costs, attorneys' fees, court costs, and all other expenses of enforcing our rights under this agreement.

12. Hudson & Keyse allegedly purchased a portfolio of accounts from Chase and is bound by the terms of the Chase Agreement.

13 After a Pennsylvania resident allegedly defaults under the Chase Agreement by nonpayment of amounts owed, Hudson & Keyse, as standard practice, retains Apple & Apple as its outside counsel for purposes of collection.

14. Apple & Apple follows standard practices in the course of collection on the Chase Agreements that are allegedly in default.

15. In this course of Defendants' standard procedure, Defendants fail to abide by the contractual provision providing for the collection of attorneys' fees incurred in the process of collection.

16. As standard practice and procedure, Defendants abrogate the Chase Agreement and implement a procedure to collect attorneys' fees, which is not based upon the attorney time actually expended, but based upon a percentage of the total amount of the alleged debt.

17. Defendants assess 30% of the outstanding principal and interest without regard to whether its attorneys spent any time or the actual time spent on the collection efforts.

18. In filing state court complaints, an attorney employed by Apple & Apple executes a verification in support of the allegations set forth in the complaint, which includes a request for a liquidated attorney fee.

19. The inclusion of a liquidated sum as attorney fees with the alleged debt owed altered the terms of the contract between Chase and Voeltzel and violated the FDCPA.

20. The contract between Chase and its cardholders does not require that the cardholder pay a liquidated amount.

21. The Chase cardholders did not agree to a specific percentage contingent fee or a liquidated amount for attorney fees.

22. Defendants actions allow them to determine what they believe is a reasonable attorney fee and then request that amount in a suit to collect a debt. This course of action alters the Chase Agreement.

23. Apple & Apple is not authorized by law to unilaterally determine the amount of its attorneys' fees and charge them to consumers in the course of collection activities.

24. The alteration of the terms of the Chase Agreement misrepresents the amount of debt owed and the compensation which may be received for the collection of the debt in violation of § 1692e(2)(A), (B).

25. The contract between Chase and its cardholders provides a contractual basis for the award of a "reasonable attorney fee" only. There is no clause which permits Defendants to select a liquidated sum.

26. Pennsylvania law also does not authorize the unilateral assessment of attorneys' fees.

### Charles Voeltzel

27. Voeltzel allegedly entered into a credit card agreement with Chase.

28. In pertinent part, Chase's alleged agreement with Voeltzel provides:

> 6. **DEFAULT/COLLECTION**
>
> To the extent permitted by law, if you are in default because you have failed to pay us, you will pay our collection costs, attorneys' fees, court costs, and all other expenses of enforcing our rights under this agreement.

29. Voeltzel allegedly defaulted on the agreement.

30. Voeltzel's alleged debt was for personal, family or household purposes.

31. Hudson & Keyse allegedly purchased Voeltzel's account from Chase and retained Apple & Apple.

32. Apple & Apple began collection activities against Voeltzel on the alleged debt.

33. In the course of these collection activities, Apple & Apple failed to abide by the contractual provision providing for the collection of reasonable attorneys' fees incurred in the process of collection.

34. Apple & Apple abrogated the Chase agreement and implemented a procedure to collect attorneys' fees, which is not based upon the attorney time actually expended with respect to Mr. Voeltzel, but based upon a percentage of the total amount

of the debt. Rather than assess against Voeltzel the amount of time actually spent by its attorneys, Apple & Apple assessed Voeltzel 30% of the outstanding balance without regard to whether its attorneys spent any time on the collection efforts.

35. On January 25, 2008, Apple & Apple filed a complaint in the Common Pleas Court of Allegheny County. Exhibit 2 attached hereto and incorporated. In the complaint, which is verified by either Charles F. Bennett, Esquire or Joel Hausman, Esquire, employees of Apple & Apple, the following allegation is made, "[P]er the term of the agreement, the Defendant has agreed to pay to the Plaintiff as liquidated damages, the costs of collection, including all reasonable attorneys' fees incurred in the collection of monies owing, which Plaintiff avers will amount to 30 % of the balance due."

## CLASS ACTION ALLEGATIONS

36. This class action is filed pursuant to Fed. R.Civ. P. Rules 23(a), 23(b)(1), (b)(2) and (b)(3). Representative Plaintiff seeks the certification of a class consisting of (a) All natural persons with addresses in the Commonwealth of Pennsylvania (b) who allegedly entered into consumer credit card agreements with Chase Manhattan Bank USA, N.A. (c) against whom Apple & Apple undertook collection activities by filing a complaint in a Pennsylvania Common Pleas court against them (d) on behalf of Hudson & Keyse (e) on or after one year prior to the filing of this action.

### Numerosity

37. The proposed Class is so numerous that it is impracticable to bring all persons before the Court. The exact number of the members of the class are unknown, but they are believed to include well over 100 persons each. The exact number and identity of these persons can be determined from the records maintained by the

Defendants. In many instances, class members either are unaware that claims exist or have sustained individual damages too small to justify the costs of bringing suit separately. When aggregated, however individual damages are large enough to justify this class action.

### Predominance and Commonality

38.     The questions of law and fact common to the claims of each class member overwhelmingly predominate over any question of law or fact affecting only individual members of the class. Questions of law and fact common to the Class include, but are not necessarily limited to, the following:

   A.     Does the Chase Agreement authorize Defendants to assess attorneys' fees as a percentage of the outstanding amount owed?

   B.     Whether Defendants' request of a liquidated amount as an attorney fee is false or misleading when the contract authorizing the fee permits only a "reasonable attorney fee" related to the costs of collection?

   C.     Whether the inclusion of a liquidated sum as attorney fees with the principal debt allegedly owed impermissibly altered the terms of the contract between Chase and cardholders?

D.     Does Defendants' practice of assessing attorneys' fees as a percentage of the outstanding balance constitute a violation of §§ 1692f and 1692f(1) of the FDCPA?

E.     Does Defendants' practice of assessing attorneys' fees as a percentage of the outstanding balance constitute a violation of §1692e, §1692e(2)(A)&(B) and §1692e(10) of the FDCPA?

### Typicality

39. Representative Plaintiff's claims are typical of absent class members' claims. Plaintiff and the Class have sustained identical damages, and their claims arise from an identical factual background and identical legal theories as set forth in this Complaint.

## Adequacy of Representation

40. Representative Plaintiff will assure the adequate representation of all members of the respective classes. His claims are typical of the classes' claims. He has no conflict with class members in the maintenance of this action, and his interests in this action are antagonistic to Defendants' interests.

41. Plaintiff's interests are coincident with, and not antagonistic to, absent class members' interest because by proving his individual claims he will necessarily prove Defendants' liability as to the Classes' claims.

42. Plaintiff is also cognizant of and determined to faithfully discharge his fiduciary duties to the absent class members as a Class Representative. He will vigorously pursue the classes' claims. Representative Plaintiff has and/or can acquire the financial resources to litigate this action. Moreover, undersigned counsel agreed to pay all reasonable costs to litigate this action.

43. Undersigned counsel, Jeffrey L. Suher, P.C., is experienced in litigating class actions and has handled such actions in federal courts for and on behalf of other consumers. Counsel is handling this case on a contingent basis and will receive compensation for professional services only as awarded by this Court.

## Superiority

44. A class action provides for a fair and efficient method of adjudicating this controversy. The substantive claims of the Representative Plaintiff and the class members will require evidentiary proof of the same kind and application of the same law since Defendants have treated all class members in a similar and/or identical manner. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation effectively makes it impossible for individual Class Members to seek redress for the wrongs complained of herein.

### Manageability

45. There are no known unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions, and because damages may be calculated with mathematical precision, the cost of administering the class fund will be minimized. Because Class Members may be unaware that their rights have been violated or, if aware, would be unable to litigate their claims on an individual basis because of their relatively small damages, a class action is the only practical proceeding.

### CLASS ACTION CLAIMS

#### COUNT I
**Violation of §§ 1692f and 1692f(1) of the FDCPA**
**Use of unfair or unconscionable means to collect**

46. Plaintiff re-alleges and incorporates paragraphs 1-45 above as if fully set forth herein.

47. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, including but not

limited to, the collection of any amount (including any interest fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement or permitted by law. 15 U.S.C. § 1692f(1).

48. Defendants violated §§ 1692f and 1692f(1) by seeking to collect a debt from Plaintiff that was not expressly authorized by the agreement or permitted by law.

49. Defendants' violation of 1692f and 1692f(1) renders it liable for actual and statutory damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

### COUNT II
### Violation of §1692e, §1692e(2)(A)&(B) and §1692e(10) of the FDCPA
### Making False, Deceptive or Misleading Representations

50. Plaintiff re-alleges and incorporates paragraphs 1-49 above as if fully set forth herein.

51. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt and the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. §§ 1692e(2)(A) & (B).

52. Section 1692e(10) prohibits the use of any false representation to collect or attempt to collect a debt or to obtain information concerning the consumer. 15 U.S.C. § 1692e(10).

53. Defendants violated § 1692e, §1692e(2)(A) & (B) and § 1692e(10) by falsely representing the amount and legal status of the alleged debt purportedly owed by

Plaintiff and the nature of the Chase Agreement in complaints filed by Apple & Apple in the Pennsylvania Common Pleas Courts.

54. Defendants' violations of 1692e, 1692e(2)(A)&(B) and 1692e(10) renders them liable for actual and statutory damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

The Representative Plaintiff, on behalf of himself and a class of similarly situated persons prays that this Court:

1. Declare that Defendants' debt collection tactics violate the FDCPA;

2. Enter judgment in favor of the Plaintiff Classes and against Defendants for actual damages, statutory damages, costs and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA.

3. Grant such further relief as deemed just.

**A Jury Trial Is Demanded With Respect To These Class Claims**

Respectfully submitted,

Jeffrey L. Suher, Esquire
Jeffrey L. Suher, P.C
P.A. I.D. 74924

4328 Old William Penn Highway, Ste. 2J
Monroeville, PA 15146
(412) 374-9005
(412) 374-0799
lawfirm@jeffcanhelp.com

*Counsel for the Representative and Class Plaintiffs*